UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JORGE GABRIEL ESPINOZA VALLECILLO,

                Plaintiff,                  CASE NO. 2:19-cv-13354

v.                                    HON. ARTHUR J. TARNOW

PEOPLE OF THE STATE OF MICHIGAN,
MICHAEL DOWDY, RICHARD SCHWAB,
SANFORD SCHULMAN, JENIFER DOUGLAS,
PAUL JOHN CUSICK, JEFFREY KNOCHE,
ANDREW DIMAGGIO, and ANGELES R. MENESES,

                Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## THE COMPLAINT WITHOUT PREJUDICE

This matter has come before the Court on plaintiff Jorge Gabriel Espinoza

Vallecillo's *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state

prisoner at the St. Louis Correctional Facility in St. Louis, Michigan. The

defendants are the People of the State of Michigan, one municipal detective, one

municipal police officer, four court-appointed attorneys, one prosecuting attorney,

and one state-court judge.

Plaintiff filed his complaint in the United States District Court for the Central

District of California. United States District Judge George H. Wu transferred the

case to the Eastern District of Michigan on November 8, 2019, because the events

and omissions giving rise to Plaintiff's claims occurred in this District and the defendants are located here. (Order Transferring Action, ECF No. 2.) Thus, the Eastern District of Michigan is the proper venue for Plaintiff's case.

The Court has screened the complaint and concluded that Plaintiff's allegations are unsubstantial, frivolous, and devoid of merit. Accordingly, the complaint must be dismissed.

## I. Introduction

As noted above, Plaintiff is a Michigan prisoner. He is suing the People of the State of Michigan and the following individuals in their personal and official capacities: detective Michael Dowdy of the Detroit (Michigan) Police Department; police officer Richard Schwab of the Detroit Police Department; court-appointed attorneys Sanford Schulman, Jeffrey Knoche, Andrew Dimaggio, and Angeles R. Meneses; prosecuting attorney Jenifer Douglas; and Wayne County Circuit Court Judge Paul John Cusick. (Compl., ECF No. 1, PageID. 3-5.)

Plaintiff alleges that, on August 11, 2017, Detroit police officers arrested him without a warrant and jailed him on charges of (1) reckless driving, causing death, and (2) failure to stop at the scene of an accident. *Id*., PageID. 6. The charges arose from an incident on August 6, 2017, when the driver of a 2005 Buick Rendezvous struck and killed a pedestrian in Detroit. *Id*., Page ID 8. According to Plaintiff, there is no evidence that he or his car were involved in the accident. *Id*.

Plaintiff further alleges that: Detective Dowdy and Officer Schwab took the stand at his trial and made false statements; attorney Schulman misrepresented his case; prosecuting attorney Douglas failed to provide him with information for trial and committed other violations; Judge Cusick abused his discretion; attorney Knoche misrepresented Plaintiff's case and made decisions against Plaintiff's wishes; and attorney Dimaggio failed to follow (sic) motions. *Id*., PageID. 3-5. Plaintiff states that, on November 9, 2018, he was sentenced to prison for ten to fifteen years, *id*., PageID. 6, and attorney Meneses is misrepresenting his case on appeal and completely disregarding him, *id*., PageID. 5.

Plaintiff's legal claims appear to be that he was denied his rights to a speedy trial, to be well-represented in legal proceedings, to receive information before trial, to be properly dressed during trial, to have a competent Spanish interpreter, to represent himself, and to have a fair trial. *Id., PageID.6. Plaintiff wants the Court to overturn his convictions, dismiss the charges against him with prejudice, and set him free. *Id*., PageID. 7. Plaintiff also seeks a full investigation of the evidence related to his case. He contends that many frivolous and malicious actions occurred, and because he is sure that corrupt officers will kill him and his family at any time, he wants to be released to a higher authority. *Id.*

## II.  Legal Framework

The Prison Litigation Reform Act of 1996 requires a federal district court to screen a prisoner's complaint and to dismiss the complaint if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief.  *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A.  "District courts are required to screen *all* civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners."  *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (emphasis added).

Plaintiff prepaid the filing fee for this action, and courts may not summarily dismiss a prisoner's fee-paid complaint under 28 U.S.C. § 1915(e)(2) because that section applies only to complaints filed *in forma pauperis*.  *Benson v. O'Brian*, 179 F.3d 1014, 1015-17 (6th Cir. 1999).  *Benson*, however, does not prohibit a federal court from screening a prisoner's fee-paid civil rights complaint against a governmental official or entity under §1915A.[1] *Hyland v. Clinton*, 3 F. App'x 478,

---

[1]  The Sixth Circuit Court of Appeals has explained that

478-79 (6th Cir. 2001). Moreover, a federal "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. Analysis

Plaintiff's complaint is unsubstantial, frivolous, and devoid of merit because it challenges his convictions and confinement in prison. When, as here, "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore,

> a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the

---

[t]he requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is neither restricted to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation. Section § 1915(e)(2) is applicable throughout the entire litigation process.

*In re Prison Litigation Reform Act*, 105 F.3d at 1134.

target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Success in this action would necessarily demonstrate the invalidity of Plaintiff's convictions and his present incarceration. Therefore, his claims are not cognizable in this civil rights action.

For the following additional reasons, Plaintiff's allegations are frivolous and devoid of merit. First, defense attorneys, whether appointed or retained, do not act under color of law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Floyd v. County of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Therefore, the court-appointed attorneys in this case – defendants Schulman, Knoche, Dimaggio, and Meneses – are dismissed from this action.

The remaining defendants are dismissed on immunity grounds. Plaintiff's only allegations about Detective Dowdy and Officer Schwab are that they testified falsely at his trial. "[A] trial witness has absolute immunity with respect to *any* claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (emphasis in original); *see also Briscoe v. LaHue*, 460 U.S. 325, 329 (1983) (concluding that police officers enjoy absolute immunity from damages liability for

their testimony at a criminal trial). Accordingly, Detective Dowdy and Officer Schwab are dismissed from this action.

Plaintiff alleges that prosecuting attorney Douglas failed to provide him with information for trial. This allegation lacks merit because prosecutors enjoy immunity from suit for actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Further, a prosecutor's failure to provide information to a criminal defendant before trial is the type of administrative decision that is directly connected with the conduct of a trial. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343-44 (2009); *see also Reid v. New Hampshire*, 56 F.3d 332, 337 (1st Cir. 1995) (noting that *Imbler* implicitly acknowledged that prosecutors retain discretion to determine what evidence is to be disclosed to the defense and that absolute immunity attaches to their exercise of discretion). Therefore, prosecuting attorney Douglas is immune from suit and dismissed from this action.

Judges also generally have broad immunity from suit. *Norfleet v. Renner,* 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (*per curiam*), and *Bradley v. Fisher*, 80 U.S. (13 Wall. 335, 351-52 (1871)). Although judicial immunity does not extend to everything a judge does, *id.*, it

> is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for

> actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 502 U.S. at 11-12 (internal and end citations omitted).

Plaintiff is not suing Judge Cusick for his nonjudicial conduct. Nor is Plaintiff claiming that Judge Cusick acted in the complete absence of all jurisdiction. Therefore, Judge Cusick enjoys immunity from suit and is dismissed from this action.

Finally, the Court construes Plaintiff's claim against the "People of the State of Michigan" as one against the State of Michigan itself. *McLittle v. O'Brien*, 974 F. Supp. 635, 637 (E.D. Mich. 1997). As such, Plaintiff's claim is barred by the Eleventh Amendment, which generally "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Division*, 987 F.2d 376, 381 (6th Cir. 1993) (internal and end citations omitted).

"The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983." *Thiokol*, 987 F.2d at 383. Therefore, Plaintiff's claim against the State lacks merit.

## IV.  Conclusion

For all the reasons given above, Plaintiff's allegations are unsubstantial, frivolous, and devoid of merit.   Accordingly, the complaint is summarily dismissed. However, because the case is being dismissed at least in part under *Heck*, the dismissal is "without prejudice until . . . any conviction has been overturned on appeal or questioned in a federal habeas corpus petition."  *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999) (citing *Heck*, 512 U.S. at 486-87).

The Court certifies that an appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), implicitly overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 205-216 (2007), and explicitly overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

_s/Arthur J. Tarnow_____
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Date:  January 7, 2020